UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARTRON CORPORATION,

    Plaintiff,

v.

SCHUKRA U.S.A., INC., and
BORG INDAK, INC.,

    Defendants.

Case No. 2:06-cv-10683
Hon. Lawrence P. Zatkoff

| BROOKS KUSHMAN P.C. | HOWARD & HOWARD ATTORNEYS, P.C. |
|---|---|
| By:   Robert C.J. Tuttle (P25222) | By:   Jeffrey A. Sadowski (P28163) |
|        Mark Lorelli (P63156) |        Patrick M. McCarthy (P49100) |
|        Mark D. Chuey (P66879) |        Michael J. Sheehan (P58585) |
| Attorneys for Plaintiff |        Sara K. MacWilliams (P67805) |
| 1000 Town Center, Twenty-Second Floor | Attorneys for Defendants |
| Southfield, MI 48075 | 39400 Woodward Avenue, Suite 101 |
| (248) 358-4400 | Bloomfield Hills, MI 48304-5151 |
| (248) 358-3351 (facsimile) | (248) 645-1483 |
| | (248) 645-1568 (facsimile) |

## STIPULATED PROTECTIVE ORDER

      Discovery in this case may require disclosure of information, either documentary or testimonial or both, or tangible or intangible items, regarded by any producing person, entity, or third person (the "producing party") as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following terms and conditions, which shall apply to this civil action:

1. Any document, information, or tangible or intangible item provided by any producing party which that party in good faith contends contains information proprietary to it and/or that is

entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, may be designated as confidential (hereinafter "Confidential Information") and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such Confidential Information shall be received by counsel of record for other parties hereto upon the terms and conditions of this Stipulated Protective Order (hereafter the "Protective Order").

2. Documents or items shall be designated confidential within the meaning of this Protective Order in the following ways:

   (a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."

   (b) In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the Confidential Information the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."

   (c) In the case of other tangible or intangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" or by other appropriate means reasonably calculated to give notice of the designation of the item as subject to this Protective Order.

   (d) In producing original files, records, or items for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the initial inspection, all documents and items produced shall be considered as marked "CONFIDENTIAL - ATTORNEYS EYES ONLY," except as otherwise agreed by the producing party. Thereafter, upon selection of specified documents or items for copying or

further inspection by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" the copies of such documents or items as may contain Confidential Information at the time the copies are produced to the inspecting party.

3. With respect to all documents, information, or tangible or intangible items produced or furnished by a producing party during this litigation, which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" by the producing party, such Confidential Information shall be kept confidential and shall not be given, shown, inspected, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive such Confidential Information under the terms of this Protective Order.

4. If, in the course of this proceeding, depositions are conducted that involve Confidential Information, counsel for the witness or party producing such information may identify, on the record, the portion of the deposition which counsel believes may contain Confidential Information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such Confidential Information in accordance with this Protective Order, and the reporter.

   Subject to the terms of this Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the depositions of:

   (a)   the present directors or officers of the producing party;

(b) present employees of the producing party, to the extent such persons would be entitled to receive such information pursuant to the producing party's internal policies respecting confidentiality;

(c) an author, addressee, or other person indicated as a lawful recipient of a document containing the information;

(d) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific Confidential Information). Prior to any disclosure under this subparagraph (d), notice must be given to the producing party of the specific information and identity of the person to whom disclosure is proposed to be made so that the producing party has a fair opportunity to object to the disclosure. Notice may be given at the time of the deposition. The parties agree to cooperate, and if necessary, to defer any such disclosure, to allow either party to initiate action, by motion or otherwise, with the Court. The producing party bears the burden of establishing confidentiality;

(e) an independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information; or

(f) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line, reference) to be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY." Subject to the other provisions of this Protective Order, the right to make such designation shall be waived unless made within the thirty (30) day period.

Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed as "CONFIDENTIAL - ATTORNEYS EYES ONLY" information. The thirty (30) day period may be reduced by agreement of the parties and any requests for reduction of such time period will not be unreasonably refused. Transcripts of testimony, or portions thereof, containing Confidential Information shall be filed only under seal as described in paragraph 5 and in conformance with Local Rule 5.3, until further order of the Court.

5. No document shall be filed under seal except pursuant to the Court's rules and procedures and consistent with this Protective Order. The Clerk of Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, and other papers or items filed with the Court in this matter which have been designated, in whole or in part, as Confidential Information by a party to this matter. In the event that a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed with the Court, such documents shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation: "Contains CONFIDENTIAL INFORMATION: To be Opened Only By or As Directed by the Court" or with such other designation as is ordered by the Court or as required by the Clerk of the Court.

6. Subject to the terms of this Protective Order, any confidential document, testimonial information, or tangible or intangible item produced by any party which contains information proprietary to the producing party and which is highly sensitive from a commercial or competitive standpoint may be designated in writing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."  The parties agree to designate

information as "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS EYES ONLY" on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

7. Subject to the terms of this Protective Order, before disclosing any Confidential Information designated by the producing party as "CONFIDENTIAL" to any employee or officer of the non-producing party, any witness or prospective witness of the non-producing party, or any other person to whom disclosure of such designated Confidential Information is otherwise barred without compliance with this Order, counsel for the non-producing party shall obtain a written declaration, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or item that has been designated as "CONFIDENTIAL" is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, that the person agrees to be subject to the jurisdiction of this court with respect to enforcement of the Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The declaration shall be provided by facsimile to opposing counsel five (5) business days in advance of the first disclosure of any Confidential Information to any such person. If no objection is made to such disclosure within such five (5) business day period, then Confidential Information may be disclosed to such person, except as may otherwise be provided in this Protective Order. If an objection is received within the five (5) day period, then any party may bring before the Court the question of whether the Confidential Information may be disclosed to such person. The five (5) day period may be reduced by agreement of the parties and any requests for

reduction of such time period will not be unreasonably refused. All signed declarations shall be retained for a period of three (3) years after the final conclusion of this action.

Before disclosing any Confidential Information designated by the producing party as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" to any consultant or expert retained by the non-producing party, the independent consultant or expert shall execute a declaration in the form attached as Appendix A. The declaration of such independent consultant or expert constitutes an acknowledgment that any document, information or item that has been designated by the producing party as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, that the person agrees to be subject to the jurisdiction of this court with respect to enforcement of the protective order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The declaration shall further certify that the consultant or expert is not an officer, director, employee, or consultant of the nonproducing party and shall not become an officer, director, employee, or consultant (other than litigation consultant or expert) of the nonproducing party for a period of one (1) year following the entry of a final judgment or dismissal of this litigation.

Counsel desiring to disclose Confidential Information to such an expert or consultant shall forward a copy of the completed and signed declaration and the expert's or consultant's current curriculum vitae to counsel for the producing party. No Confidential Information may be disclosed to such person before the expiration of a period of ten (10) business days, commencing with the receipt by counsel for the producing party of a copy of the expert's or consultant's completed and signed declaration and current curriculum vitae. During this ten (10) business day

7

period, counsel for the producing party may object in good faith to the disclosure of Confidential Information to this expert or consultant for cause, e.g., an identified conflict of interest. If counsel for the producing party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered in said ten-day period. In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of Confidential Information to the expert or consultant until there is an express written agreement of the parties or order of this Court removing the objection. The party seeking disclosure to an objected-to-expert shall have the obligation to seek an order of the Court removing the objection.

8. Except as permitted by further order of this Court or by subsequent written agreement of the producing party, and subject to the provisions of paragraph 7, disclosure of "CONFIDENTIAL - ATTORNEYS EYES ONLY" items, documents or information, including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to:

    (a)    counsel for the parties (including general or corporate counsel provided that such general or corporate counsel execute a written declaration in the form of exhibit A attached hereto, and such form is provided to opposing counsel prior to any disclosure to such general or corporate counsel) and paralegal and clerical employees assisting such counsel;

    (b)    Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending, as well as any Court to which an appeal in this action might lie;

    (c)    independent consultants or experts retained by either of the parties to consult or testify in the case subject to paragraph 7 above;

    (d)    authors or drafters of the documents or information;

    (e)    outside vendors who perform photocopying, microfiching, computer classification or similar clerical functions, but only so long as necessary to perform those services;

    (f)    court reporters and other persons engaged in preparing transcripts of testimony or hearings for this action;

    (g)    non-technical trial consultants and graphics or design firms retained by outside counsel for a receiving party for the purpose of preparing demonstrative or other exhibits, including their supporting personnel, but only so long as necessary to perform these services; and

    (h)    one representative of each party designated to have the responsibility of interfacing with counsel of record regarding the conduct and strategy of the case, provided that such representative executes an affidavit in the form attached hereto as Appendix A agreeing to be bound by this Protective Order and provided that such executed affidavit is served upon counsel for all parties prior to such disclosure. It is agreed that Nartron Corporation designates John Washeleski as its representative for purposes of this subparagraph. Schukra U.S.A., Inc. designates Barry Jones as its representative for purposes of this subparagraph. Borg Indak, Inc. designates Larry Krueger as its representative for purposes of this subparagraph. Each party may change its designated representative if its initial representative becomes unaffiliated with such party for any reason (e.g. by resignation or other separation).

9. Disclosure of documents, information, or items designated as "CONFIDENTIAL," including summaries thereof, shall be limited to (a) the persons and entities to whom disclosure is

permitted in compliance with Paragraphs 7 and 8; and (b) no more than five (5) employees or officers of the non-producing party.

10. If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS EYES ONLY" information to seek the assistance of any other person, other than those referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

    (a)    Counsel for the receiving party shall notify by facsimile counsel for the party producing the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information of their desire to disclose such "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information and shall identify the person(s) to whom they intend to make disclosure;

    (b)    If no objection to such disclosure is made by counsel for the producing party within five (5) business days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, a declaration in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order; and

    (c)    If the producing party objects to such disclosure, no disclosure shall be made. Any party may bring before the court the question of whether the particular "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" information can be disclosed to the

designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

11. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on counsel's examination of Confidential Information and Confidential Attorneys Eyes Only Information; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as permitted by this Protective Order.

12. If, through inadvertence, a producing party provides any information pursuant to this litigation, without marking the information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," the producing party may subsequently inform the receiving party of the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" nature of the disclosed information, and the receiving party shall treat the disclosed information as "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS EYES ONLY" information as requested upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information. To the extent the receiving party has already disclosed the inadvertently non-designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information, the receiving party shall make reasonable efforts to contact the individuals to whom such information has been disclosed and advise them of the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" nature of the information and request that the information be treated in accordance with the provisions of the Protective Order.

13. The restrictions set forth in this Order will not apply to information which is known to the receiving party, free of any obligation to maintain the information in confidence, or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order or other law. If such public information is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," the receiving party must inform the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

14. No person or party shall directly or indirectly utilize or disclose any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information obtained pursuant to pretrial discovery in this action, except for the purpose of this action only and in accordance with any further order issued by the Court. Restrictions on the use or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information as specified in this Order shall continue during any trial or hearing in this case. The use of such information as evidence at trial or hearing in this case shall be subject to such protection as the Court shall determine.

15. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," then the parties shall first try to resolve such disputes on an informal basis.  If agreement cannot be reached between counsel, then such disputes may be presented to the Court by either party by motion or otherwise, and the parties shall continue to treat the materials as so

designated and to use the material only in the manner authorized by this Order until the Court rules that it may be treated otherwise.

16. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any grounds.

17. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. At the conclusion of this action, including any appeals, all "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS EYES ONLY" information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party. If the destruction option is utilized, counsel for the receiving party shall provide the producing party's counsel certification of such destruction. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

19. If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS EYES ONLY" information, the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information disclosed by such third party will be accorded the same protection as the parties' "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information, and will be subject to the same procedures as those governing

disclosure of the parties' "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information pursuant to this Stipulated Protective Order.

20. In the event that any producing party determines that any "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" Information marked or identified by it in accordance with this Order should no longer be subject to this Order, it may file with the Court a stipulation identifying such Confidential and/or "Attorneys Eyes Only" Information or part thereof and stating that its designation thereof as Confidential and/or "Attorneys Eyes Only" pursuant to this Order is terminated. From and after the filing of such stipulation, such information and all actions taken with respect to such information shall no longer be subject to this Order.

21. In the event anyone (the "Recipient") subject to this Protective Order is subpoenaed in another action or is served with a demand in another action to which the Recipient is a party, and the subpoena or demand seeks material which was produced or designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY by someone other than the Recipient, the Recipient shall object to its production by setting forth the existence of this Protective Order and shall give prompt written notice of such subpoena or demand to the party that designated such Confidential Information. For the purposes of this paragraph, the term "another action" shall include, without limitation, government investigations, and the provisions of this paragraph shall apply, in the case of government investigations, to documents requested either by subpoena or by civil investigation demand.

22. This Protective Order shall survive the entry of judgment in this action or any stipulation of dismissal thereof and shall continue in full force and effect, without limitation in time, subject to further order of the Court. The Court retains jurisdiction to amend, modify, or enforce the terms of this Order, including subsequent to settlement or entry of judgment.

SO ORDERED this 30th  day of August, 2006.


                            s/Lawrence P. Zatkoff
                            U.S. DISTRICT COURT JUDGE

Stipulated as to form and substance:

| | |
|---|---|
| /s  MARK D. CHUEY (by written permission | s/ MICHAEL J. SHEEHAN |
| BROOKS KUSHMAN P.C. | HOWARD & HOWARD ATTORNEYS, P.C. |
| By:     Robert C.J. Tuttle (P25222) | By:    Jeffrey A. Sadowski (P28163) |
|            Mark Lorelli (P63156) |           Patrick M. McCarthy (P49100) |
| Attorneys for Plaintiff |           Michael J. Sheehan (P58585) |
| 1000 Town Center, Twenty-Second Floor |           Sara K. MacWilliams (P67805) |
| Southfield, MI  48075 |           Attorneys for Defendants |
| (248) 358-4400 | Attorneys for Defendants |
| (248) 358-3351 (facsimile) | 39400 Woodward Ave, Ste 101 |
| mchuey@brookskushman.com | Bloomfield Hills, MI 48304-5151 |
| | (248) 645-1483 |
| | (248) 645-1568 (facsimile) |
| | msheehan@howard&howard.com |

## Appendix A

## DECLARATION

I, _____, after being duly sworn, hereby state and affirm:

1. I have read and understand the Protective Order (the "Protective Order") entered by the Court on or about _____ in the case of Nartron Corporation v Schukra U.S.A., Inc. and Borg Indak, Inc., U.S. District Court for the Eastern District of Michigan, case number 2:06-cv-10683 (the "Action").

2. I acknowledge that any document, information, or item produced in the course of discovery in the Action which is marked "Confidential" or "Confidential-Attorneys Eyes Only" is subject to and governed by the Protective Order.

3. I acknowledge and agree to comply with and be bound by the terms of the Protective Order to the extent I review or examine any document, information, or item which is produced in the course of discovery in the Action and which is marked "Confidential" or "Confidential-Attorneys Eyes Only".

4. I agree to be subject to the jurisdiction of the U.S. District Court for the Eastern District of Michigan with respect to enforcement of the terms of the Protective Order, and recognize that contempt sanctions may be issued for any violation of the Protective Order.

Agreed and acknowledged:

_____

Subscribed and sworn to before me
this ___ day of _____, 200__

_____
Notary Public
County of
My Commission Expires:

S:\Zatkoff\Marie ECF\06-10683.nartron.shukra.protective.order.wpd