UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARTRON CORPORATION,

       Plaintiff,                   Case No.  06-10683

v.                                  District Judge Lawrence P. Zatkoff
                                    Magistrate Judge R. Steven Whalen

BORG INDAK, INC.,

       Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Before the Court is Defendant's Motion to Compel Discovery [Docket #19], which has been referred for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A).

Prior to a hearing on September 19, 2006, the parties stated that they had reached an agreement on this Motion, which addresses Defendant's Interrogatory #12 and Document Request #24. This "agreement" was referenced in footnote 1 of this Court's order of September 20, 2006 [Docket #36], and the parties were directed to submit a stipulation and proposed order. The parties have not done so. Rather, Plaintiff submitted a "Memorandum to the Court on Discovery Remaining in Issue from the September 19, 2006 Hearing" [Docket #54].

Plaintiff's counsel states as follows in his most recent Memorandum:

-1-

"As recently as Friday, October 27th, plaintiff's counsel (Robert Tuttle) traveled to the offices of defendants' counsel (Michael Sheehan) for a face-to-face discovery conference. The agenda for the discovery conference was *defendant's* proposed form of Stipulation. Although all but one of the items in the Stipulation was resolved by compromise language, defendants' counsel was adamant that either everything was resolved or nothing was resolved. On the standard assigned by defendants' counsel, therefore, nothing was resolved."

Of course, an "all or nothing approach" to discovery disputes runs counter to the letter and the spirit of E.D. Mich. L.R. 37.1 as well as this Court's "Special Requirements for Discovery Motions," set forth in its Notices of Hearing. Nevertheless, because the parties have not resolved this matter, contrary to their representation to the Court on September 19, 2006, the Court will resolve it.

Defendant's Motion to Compel Discovery [Docket #19] is hereby GRANTED, as follows:

Within seven days of the date of this Order, Plaintiff shall, if it has not already done so, respond to Defendant's Document Request No. 24.

Within 14 days of Plaintiff's receipt of Defendant's supplemental response to Plaintiff's Interrogatory #14,[1] Plaintiff shall serve a supplemental response to Defendant's Interrogatory #12.

Finally, the Court is tired of revisiting discovery issues that were represented to have been resolved and, indeed, *should* have been resolved. In the past, I have been reluctant to

---

[1] On January 3, 2007, the Court entered a Supplemental Order compelling Defendant to supplement its response to Interrogatory #14. *See* Docket #82.

grant Plaintiff's request that L.R. 37.1 discovery conferences be "on the record."  However, having now seen the degree of misunderstanding and confusion between counsel, not to mention the posturing and obstructionist conduct that has permeated this case, I am convinced that it would be prudent to have these conferences recorded and transcribed.  Any future discovery conferences held pursuant to L.R. 37.1 and/or order of this Court shall be held in the presence of a court reporter, and in the event that the parties are unable to present a written stipulation and proposed order to the Court resolving all issues raised in the particular motion, shall be transcribed.  Said "on the record" conference shall not be in the presence of the Court.  The cost of the court reporter's appearance and transcription shall be apportioned equally between the parties.  If the particular motion is not completely resolved, thereby necessitating a hearing before this Court, then the non-prevailing party will be sanctioned pursuant to Fed.R.Civ.P. 37.  Said sanctions may include the prevailing party's share of the court reporter and transcription costs.

    SO ORDERED.

    S/R.  Steven Whalen
    R.  STEVEN WHALEN
    UNITED STATES MAGISTRATE JUDGE

Dated:  January 3, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 3, 2007.

S/Gina Wilson
Judicial Assistant