UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARTRON CORPORATION,

    Plaintiff,

v.

Case No. 06-10683
Hon. Lawrence P. Zatkoff

BORG INDAK, INC.,

    Defendant,

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 3, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Stay Pending Appeal (Docket #193). Plaintiff has filed a response brief. As the Final Pre-Trial Conference is scheduled before Defendant's reply is due, the Court finds that the interests of justice weigh in favor of deciding this Motion before a reply is received, especially as the Court finds that: (a) the facts and legal arguments material to all the motions have been adequately presented in the parties' papers, and (b) the decision process will not be aided by oral arguments. Pursuant to E.D. Mich. Local R. 7.1(f) (2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Defendant's Motion to Stay is DENIED.

## II.   BACKGROUND

This case is approximately six years old. Multiple attempts at settlement have been made. An appeal to the Federal Circuit was filed and ruled upon, the net effect being that the case was remanded to this Court. Many dispositive motions have been filed—and ruled upon. Most recently, the Court issued an Opinion and Order on January 26, 2012. Therein, the Court ruled in favor of Plaintiff on several of its partial motions for summary judgment and against Defendant on its motions. The Court also notified the parties that a Final Pre-trial Conference would be conducted on April 5, 2012. On February 24, 2012, Defendant filed a Notice of Appeal. On March 15, 2012, Defendant filed its Motion to Stay Pending Appeal.

## III.   LEGAL STANDARD

The Court has discretion to issue a stay or to continue proceedings pending appeal. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988) ("Hence it is clear that the purpose of the legislation, § 1292(c)(2), allowing interlocutory appeals in patent cases was to **permit** a stay of a damages trial.") (emphasis added). In deciding whether to issue a stay, the courts generally consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992).

## IV. ANALYSIS

Defendant fails to address either of the first two factors for the Court to consider, aside from stating that it "strongly believes that one or more, if not all, of [the] issues [decided by the Court] will be reversed when reviewed on appeal." That statement does not constitute an argument, much less evidence, that Defendant is likely to succeed on the merits. Defendant provides the Court with no indication of how Defendant will be irreparably harmed absent a stay of the proceedings in this Court. As such, the Court cannot find that a consideration of these factors favors Defendant.

As to the third factor, the Court is not persuaded by Defendant's argument that Plaintiff will not be prejudiced by a stay because "[o]ne more year of waiting for a final outcome [when the case has been ongoing for six years] will not significantly impact any of the parties, witnesses or issues." Where the owner of Plaintiff, a key witness in this case, is 80 years old and Plaintiff has already waited six years to recover (which, at this time, will be the case), the Court finds that Plaintiff certainly may be prejudiced by a stay of another year (or longer). The Court also notes that, contrary to Defendant's assertions, Plaintiff claims that it has evidence that Defendant continued to infringe on Plaintiff's patent beyond 2006. Finally, as to the fourth factor, there is no question that the public interest in this case favors the enforcement of a valid patent.

For the foregoing reasons, the Court concludes that Defendant has not demonstrated to the Court why a stay of the proceedings in this Court pending appeal is warranted. Therefore, the Court shall deny Defendant's Motion to Stay Pending Appeal.

## V. CONCLUSION

For the reasons set forth above, the Court hereby ORDERS that Defendant's Motion to Stay Pending Appeal (Docket #193) is DENIED.

IT IS FURTHER ORDERED that counsel for the parties are still required to appear for a Final Pre-trial Conference on April 5, 2012, at 11:30 A.M., 526 Water Street, Port Huron, MI. All counsel must be present, as well as the clients and/or those with full settlement authority. The proposed JOINT FINAL PRETRIAL ORDER, along with JOINT *(i.e.,* agreed upon) jury instructions, shall be submitted to the Judge's Chambers at the Final Pretrial/Settlement Conference. If necessary, the case will be scheduled for a trial date at the conference.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: April 3, 2012